*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVIE ANTHONY WOODARD,

        Defendant-Appellant.

UNPUBLISHED
August 05, 2026
2:40 PM

Nos. 376693; 376694
Kalamazoo Circuit Court
LC Nos. 2022-001416-FH;
2022-001452-FH

Before: BOONSTRA, P.J., and YOUNG and KOROBKIN, JJ.

PER CURIAM.

In these consolidated plea appeals,[1] defendant, Stevie Anthony Woodard, pled no contest without having a preliminary examination. In one case, the trial court received a signed waiver of the preliminary examination, but the signature on the form did not look like Woodard's signature, and the form did not otherwise indicate that it had been signed by another with Woodard's permission. In the other case, the trial court received a waiver of the preliminary examination signed only by defense counsel. The signature line for Woodard had been left blank. The trial court denied Woodard's motion to withdraw his pleas. On appeal, Woodard first argues that his no-contest pleas were invalid because he did not receive preliminary examinations, despite never having waived his statutory right to one. Second, Woodard argues that, if defense counsel is found to have waived Woodard's preliminary examinations, defense counsel did so without Woodard's consent, denying him effective assistance of counsel as a result. Because Woodard has not identified an error in the plea proceeding and cannot show a jurisdictional or constitutional defect in his plea proceedings, we affirm.

---

[1] Order consolidating: *People v Woodard*, unpublished order of the Court of Appeals, issued September 12, 2025 (Docket Nos. 376693; 376694). Order granting leave: *People v Woodard*, unpublished order of the Court of Appeals, issued October 14, 2025 (Docket Nos. 376693; 376694).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 14, 2022, Woodard entered an occupied home on Fraternity Village Drive in Kalamazoo, Michigan, without permission from the residents. While inside, he took a bicycle, laptop computer, and duffle bag. Then, on July 27, 2022, Woodard entered another occupied home, this time on Greenwood Drive in Kalamazoo, Michigan, again without permission from residents. While inside, he took a speaker, laptop computer, and backpack.

Woodard was subsequently arrested and charged on August 9, 2022, with first-degree home invasion and larceny in a building in connection with the July 27, 2022 incident.[2] On August 23, 2022, Woodard was bound over to circuit court. The associated bind-over form contains a waiver provision that allows defendants to waive their statutory right to a preliminary examination. That waiver provision is signed.

On September 21, 2022, Woodard was charged in connection with the July 14, 2022 incident with first-degree home invasion and larceny in a building.[3] Then, on August 24, 2022, he was bound over to circuit court. This time, the waiver provision on the associated bind-over form bears only defense counsel's signature, with the space provided for Woodard's signature left blank.

After twice stipulating to adjourn settlement conferences in an attempt to obtain video evidence, Woodard's trial date in connection with the July 27, 2022 incident arrived, and defense counsel had not yet received the desired video recording of Woodard being questioned by police

---

[2] Lower court number 2022-1416-FH.

[3] Lower court number 2022-1452-FH.

in connection with a separate case. As a result, defense counsel moved the trial court to adjourn Woodard's trial. That request was denied, and the trial court prepared to begin jury selection.

Defense counsel then moved the trial court to permit substitution of counsel. According to Woodard, "a lot of things . . . have been going on." First, Woodard noted his statutory right to a preliminary examination, "which was probably waived by this attorney." However, Woodard added that

> I haven't waived—I haven't signed any type of waiver form that allowed this case here . . . . The only waiver form that I filed, your Honor, was in the home invasion one which some apparent reason they got two home invasion one all of a sudden.

> So, I don't know what he's been doing. I have been telling him about I confessed and corroborated with the officer on both cases, they promised me they was going to help me with drug treatment, they was going to help with this (inaudible) just corroborated with the lead Detective Anderson. I corroborated with her and told her everything. She got all the stuff back and she is supposed to come testify and help the Prosecutor that they was going to help me with drug treatment court.

> \* \* \*

> When I get to circuit court I got two home invasions, first degree home invasions where I have no idea how they got consolidated, your Honor. I have no idea how they got waived, when I only signed one waiver for 'em. That's for the first degree home—the second (inaudible) I had no idea how they got conso—how these cases even got connected. These are two separate incidents. I have no idea how they got consolidated with this attorney.

> \* \* \*

> There was numerous of pleas offered. I already confessed to these cases. The trial is unnecessary. Why wasn't I able to throw myself at the mercy of the Court and plead guilty and proceed on what I got to do with the guidelines. Why is me taking—why is me taking the Court, and you, and her's time when I already admitted to these charges? I don't understand why I am not offered a plea bargain to the guidelines so I can plead guilty, accept my responsibility, and move on. Why would I want to take you guys to trial and time and effort when I already admitted to the Prosecutor—I mean, to the police that I committed these crimes already, your Honor.

According to defense counsel, the prosecutor made a plea offer at the bottom of the sentencing guidelines' recommended range that would result in dismissal of Woodard's other charges. Defense counsel communicated that offer in person to Woodard, who rejected it. However, Woodard informed defense counsel that he would consider an offer of five or six years. The prosecutor then offered six years but promptly withdrew that offer in accordance with the "policy of how we handle things in the office" because the case was set for trial and the time for negotiations had passed.

The trial court denied Woodard's motion to substitute counsel, noting the absence of a breakdown in the attorney-client relationship. The trial court further noted that Woodard had waived his preliminary hearing by signing the waiver provision of the bind-over form. After a brief conversation with counsel, Woodard agreed to plead guilty. While Woodard and defense counsel conversed, the trial court noted for the record that the waiver provision on the August 24, 2022 bind-over form was not signed.

The trial court then reviewed with Woodard the rights he would be giving up in exchange for his plea. When the trial court informed Woodard that he would be giving up any claim that his plea was involuntary, Woodard expressed confusion.

> *The Defendant*: [My attorney] said he was going to try and get me into drug court. You say I can't challenge that now.

> *The Court*: So, your lawyer might discuss with you what you are going to ask for at sentencing, but that is not a promise or a threat—

> *The Defendant*: No, I am saying when I waived my preliminary he said he was going to try to help me get into drug court and you say I can't challenge that now.

> * * *

> *The Court*: You are going to give up your right to automatically appeal any such issue. Do you understand that?

> *The Defendant*: Yeah, if you say it—if you say it like that, I can't challenge that?

> *The Court*: You have to ask the Court of Appeals for permission to challenge anything like that.

> *The Defendant*: Okay.

After having some difficulty establishing the factual predicates for Woodard's fourth-offense habitual offender status due to his self-professed cognitive impairment, the trial court declined to accept a guilty plea, and the parties agreed to a plea of no contest instead. On March 27, 2023, Woodard was sentenced to concurrent sentences of 7 to 30 years for first-degree home-invasion and 5 to 15 years for larceny in a building.

Woodard's plea hearing in connection with the July 14, 2022 incident was held on April 17, 2023. Without objection, Woodard pled no contest as a third-offense habitual offender to first-degree home invasion and was sentenced on May 15, 2023, to a term of 7 to 40 years.

On November 15, 2023, Woodard moved to withdraw his plea relating to the July 14, 2022 incident, arguing, among other things, that he involuntarily confessed to the home invasions only after being coerced by promises of drug treatment. Woodard further argued that defense counsel rendered constitutionally ineffective assistance because he failed to obtain the referenced

-4-

recording. At the March 5, 2024 hearing on the motion, the trial court concluded that Woodard had waived any remedy when he entered a plea. The trial court further concluded that Woodard had failed to overcome the presumption that defense counsel's performance was effective. The motion was denied.

On April 27, 2024, Woodard moved to withdraw his pleas and dismiss both 2022-1452-FH and 2022-1416-FH, arguing that the circuit court had no jurisdiction to render a judgment because a preliminary examination was not held and Woodard's statutory right to receive one had not been validly waived. Woodard further argued that defense counsel denied Woodard effective assistance of counsel by waiving Woodard's statutory right to a preliminary hearing without his consent. The trial court denied both motions at a hearing on June 26, 2024, reasoning that Woodard waived his right to contest any issues with the preliminary examinations when he pled no contest. As for Woodard's ineffective assistance of counsel claim, the trial court concluded that Woodard failed show that he had been prejudiced by defense counsel's allegedly deficient performance. This appeal followed.

## II. VALIDITY OF PLEAS

Woodard acknowledges that the denial of a motion to withdraw a plea is reviewed under the standard of MCR 6.310(C)(3), which states:

> If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals.

Woodard identifies no error in the plea proceeding, however, and makes no cogent argument for how the requirements for withdrawing a plea under MCR 6.310(C)(3) were satisfied. Instead, Woodard vaguely asserts that his pleas were invalid because he did not receive a preliminary examination.

"Precisely what rights are waived by an unconditional [] plea is a question of law that we review de novo." *People v Cook*, 323 Mich App 435, 442; 918 NW2d 536 (2018) (citation omitted). As a general matter, an unconditional plea "constitutes a waiver of the statutory right to preliminary examination." *People v McKinley*, 32 Mich App 178, 179; 188 NW2d 238 (1971).

Woodard's argument essentially boils down to his assertion that "[w]ithout a valid waiver or a preliminary examination being held, the circuit court did not have procedural jurisdiction to render a judgment." We note that Woodard makes this argument belatedly and cursorily, in the final paragraph of the section of his brief devoted to that issue, citing no supporting caselaw. Generally, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kroll*, 341 Mich App 217, 237 n 15; 989 NW2d

-5-

822 (2022). The issue may therefore be deemed abandoned. *Id*. We nonetheless choose to exercise our discretion to address it.

To begin, Michigan has never allowed a challenge based on a lack of "procedural jurisdiction."[4] Michigan law generally recognizes two types of jurisdiction: Subject-matter jurisdiction and personal jurisdiction. *People v Eaton*, 184 Mich App 649, 652; 459 NW2d 86 (1990). Subject-matter jurisdiction refers to cases or controversies a court has the power to hear. *Id*. Personal jurisdiction refers to persons or parties a court has the power to bind. *Id*.

"Subject-matter jurisdiction is never waivable nor may it be stipulated to by the parties." *Id*. at 653. A preliminary examination, on the other hand, may be waived. MCL 767.42(1) ("An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor . . . *unless that person waives his statutory right to an examination. . . .*") (emphasis added); MCL 766.4(4) ("If a plea agreement is not reached and *if the preliminary examination is not waived by the defendant* with the consent of the prosecuting attorney, a preliminary examination shall be held. . . .") (emphasis added). A preliminary examination therefore is not an absolute prerequisite to the trial court's subject-matter jurisdiction because it may be waived by the defendant. *People v Hall*, 97 Mich App 143, 147; 293 NW2d 742 (1980). By entering a plea in the circuit court Woodard waived his statutory right to a preliminary examination, and the trial court therefore had subject-matter jurisdiction.

To the extent Woodard may be understood to be arguing that the lack of a preliminary examination deprived the circuit court of *personal* jurisdiction, we first note that a party may implicitly consent to personal jurisdiction. *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011). One way to do so is by participating in trial court proceedings and failing to contest the trial court's exercise of personal jurisdiction with respect to those proceedings. See *People v Kennedy*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363575); slip op at 5-6.

In lower court number 2022-1452-FH, Woodard entered a no-contest plea and at no time objected to the trial court's exercise of personal jurisdiction over him in that action. Therefore, the absence of a preliminary examination did not deprive the circuit court of personal jurisdiction over Woodard—even assuming for the sake of argument that it could—because he consented to that exercise of jurisdiction. We further note that, "when a defendant pleads to the information without objection to the lack of a preliminary examination or a valid waiver of that statutory right, he or she is deemed to have waived that right and cannot raise it as an issue on appeal." *People v Hall*, 97 Mich App 143, 147; 293 NW2d 742 (1980). By entering a plea in the circuit court

---

[4] So far as we can tell, the term "procedural jurisdiction" has been used in a published opinion in Michigan just once. In that opinion, our Supreme Court merely referred to this Court's use of the term in the unpublished opinion under review: "The Court of Appeals also extensively cited a law review article that advocated for the recognition in Florida of a third category of jurisdiction— "procedural jurisdiction"—to refer to the exercise of jurisdiction." *People v Washington*, 508 Mich 107, 118; 972 NW2d 767 (2021) (holding that the issue before it related instead to subject-matter jurisdiction).

Woodard waived his statutory right to a preliminary examination and implicitly consented to the trial court's exercise of personal jurisdiction over him.

With regard to 2022-1416-FH, Woodard again references his statutory right to a preliminary examination, arguing that he only signed one waiver despite having several cases pending and that he did not understand how so many cases had been consolidated. He states, multiple times, that he did not waive his right to a preliminary examination. He does not contest the court's jurisdiction over him, though. In fact, he concedes the court's personal jurisdiction, albeit indirectly, when he repeatedly references his willingness to plead and avoid a trial. It is worth revisiting Woodard's own words here, which came *after* his observations about the lack of waiver:

> I already confessed to these cases. The trial is unnecessary. Why wasn't I able to throw myself at the mercy of the Court and plead guilty and proceed on what I got to do with the guidelines. Why is me taking—why is me taking the Court, and you, and her's time when I already admitted to these charges? I don't understand why I am not offered a plea bargain to the guidelines so I can plead guilty, accept my responsibility, and move on. Why would I want to take you guys to trial and time and effort when I already admitted to the Prosecutor—I mean, to the police that I committed these crimes already, your Honor.

Even later on in the proceeding, Woodard appears to have expressly acknowledged that he did waive his statutory right to a preliminary examination in this case. He told the trial court, "No, I am saying *when I waived my preliminary* he said he was going to try and help me get into drug court and you say I can't challenge that now." Of note is that this is the case where the waiver form was signed by Woodard (albeit in a manner dissimilar to Woodard's other signatures). Based on this record, Woodard either expressly or impliedly consented to the trial court's exercise of personal jurisdiction over him.

## III. WOODARD HAS FAILED TO DEMONSTRATE INEFFECTIVE ASSISTANCE OF COUNSEL

"Whether a defendant received ineffective assistance of trial counsel presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). "We review for clear error the trial court's factual findings, and [w]e review de novo questions of constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023) (quotation marks and citation omitted; alteration in original). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Davis*, 509 Mich 52, 68; 983 NW2d 325 (2022) (quotation marks and citation omitted). "When no *Ginther* hearing was held, this Court's review is limited to mistakes apparent from the record." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019).

The right of criminal defendants to the effective assistance of counsel is enshrined in both the Michigan and federal Constitutions. US Const, Am VI; Const 1963, art 1, § 20. "To constitute ineffective assistance, trial counsel's performance must have fallen below an objective standard of reasonableness, and there must be a reasonable probability that counsel's subpar performance affected the outcome of the proceedings, rendering the proceedings unfair or unreliable." *People*

*v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016). However, when reviewing for ineffective assistance, defense counsel is entitled to a strong presumption of effective assistance. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). The burden is accordingly upon the party who raises a claim of ineffective assistance of counsel to overcome that presumption. *Id*. "When a defendant asserts that his assigned lawyer is not adequate . . . the judge should hear his claim and, *if there is a factual dispute*, take testimony and state his findings and conclusion." *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973) (emphasis added).

With regard to 2022-1416-FH, Woodard stated on the record that he waived his preliminary examination. Although the signature on the waiver form was "unusual," there is nothing in the record to support the conclusion that counsel's representation fell below an objective standard of reasonableness, nor is there a factual dispute warranting remand for a *Ginther* hearing.

As for 2022-1452-FH, we note again the inadequacy of the brief on appeal. Woodard relies almost entirely on the transcript of the February 28, 2023 plea hearing in 2022-1416-FH, referencing 2022-1452-FH just once to note that waiver provision of that bind-over form has been left blank. Even assuming for the sake of argument that the absence of Woodard's signature could establish that defense counsel's performance fell below an objective standard of reasonableness, Woodard pled unreservedly in this case and expressed a clear intent to take accountability for his actions. "In the context of pleas, 'a defendant must show the outcome of the plea process would have been different . . . .'" *People v Pennington*, 323 Mich App 452, 461; 917 NW2d 720 (2018) (citation omitted). This record reflects that Woodard did not desire greater process from the adversarial system; rather, he desired what the police had allegedly offered him in the first instance: Help with his substance-use disorder. However, the prosecution made clear they had no intention of offering anything other than a sentence within the guidelines range. There is no evidence that, with better advocacy, a better offer would have been forthcoming from the prosecution or that Woodard would have gone to trial in case no. 2022-1452-FH. *Id*. We agree with the trial court that Woodard has failed to establish that there exists a reasonable probability that counsel's alleged subpar performance affected the outcome of the proceedings, thereby rendering them unfair or unreliable. *Blevins*, 314 Mich App at 351.

Affirmed.

/s/ Mark T. Boonstra
/s/ Adrienne N. Young
/s/ Daniel S. Korobkin